UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES-CLIFTON BEAL,<br>Plaintiff,<br>v.<br>IRS,<br>Defendant. | Case No. 2:26-cv-2695-TLN-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, brings this section 1983 action against the Internal Revenue Service ("IRS") and alleges that the federal agency has not sent him money that he is entitled to. ECF No. 1 at 3. This claim is not cognizable in a section 1983 action, and, given that no amendment appears capable of salvaging his claim, I will recommend that the complaint be dismissed without leave to amend. Additionally, I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

A section 1983 action cannot proceed, as plaintiff intends here, against a federal agency. *See Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("[T]o the extent Jachetta argues that 42 U.S.C. §§ 1983 and 1985 waive the [Bureau of Land Management's] sovereign immunity, we disagree. We find no evidence . . . that Congress intended to subject federal agencies to § 1983 and § 1985 liability."); *Hoffman v. HUD*, 519 F.2d 1160, 1165 (5th Cir. 1975) ("[A] federal agency is . . . excluded from the scope of section 1983 liability."); *Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir. 1970) ("The United States and other governmental entities are not 'persons' within the meaning of Section 1983."). Accordingly, I will recommend that this

action be dismissed because no amendment appears capable of saving his section 1983 claims against the IRS. Plaintiff may offer any arguments or theories as to why this action should proceed in his objections to these recommendations.

Accordingly, it is ORDERED that Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

Further, it is RECOMMENDED that plaintiff's complaint, ECF No. 1, be DISMISSED without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 18, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE